No. 65,412

In the Matter of EDWARD STEPHENS, *Respondent.*

(804 P.2d 1005)

Opinion filed January 18, 1991.

*Paula Martin,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* deputy disciplinary administrator, and *Bruce E. Miller,* disciplinary administrator, were on the formal complaint.

*Edward Stephens* appeared pro se.

*Per Curiam:* This is an original proceeding in attorney discipline filed by the disciplinary administrator against Edward Stephens of Leavenworth, an attorney admitted to the practice of law in Kansas. The facts are undisputed. They were determined by a hearing panel of the Kansas Board for Discipline of Attorneys.

On August 15, 1984, A.M. Miller & Associates (Miller), a collection agency from Edina, Minnesota, employed respondent to collect $2,627.45 owed by Lynn E. Looney to the Higher Education Assistance Foundation (HEAF). Looney had defaulted on a student loan that HEAF, as insurer, had paid to the lender. Respondent was to receive a one-third contingent fee on the amount collected.

When respondent contacted Looney, he admitted the debt and agreed to an entry of judgment against him in the amount of $2,627.45 with interest at the rate of 15% from the date of the judgment. Respondent obtained the judgment accordingly.

Looney agreed to make monthly payments of $50 to respondent to apply on the judgment. From July 1, 1985, to April 18, 1988, Looney paid respondent a total of $1,550.00. This sum was placed in respondent's trust account. Only one check in the amount of $33.33 was sent to Miller. It was dated August 8, 1985. Respondent maintained no other contact with either Miller or HEAF. They were unaware Looney had made any payments after the July 1, 1985, payment. Thus, Miller closed its file and returned the account to HEAF on January 31, 1986, showing a balance owed of $2,577.45.

On May 5, 1988, Looney received notice from the Internal Revenue Service (IRS) that $2,632.70 of his income tax refund had been set off and applied to his debt to HEAF. Looney then learned from HEAF that none of his payments, after the first one to respondent, had been remitted to HEAF. Respondent advised Looney he was waiting to receive the entire amount of the judgment before remitting any funds to Miller or HEAF.

Looney requested a refund from respondent of the entire amount paid to him since the IRS setoff had satisfied the debt to HEAF. Looney also requested respondent to make the record show the judgment had been satisfied. Respondent failed to refund the money and to timely file the satisfaction of judgment, resulting in Looney filing a disciplinary complaint.

Respondent forwarded a $1,000 cashier's check to HEAF after he was notified of the complaint. He retained $500 as his fee. It was later learned that respondent purchased the cashier's check with his own funds, as his trust account had insufficient funds. Respondent admitted he had used trust account money to pay his personal obligations.

The majority of the disciplinary panel found there was clear and convincing evidence that respondent violated DR 1-102(A)(3) (1990 Kan. Ct. R. Annot. 165) and 9-102(B)(1), (3), and (4) (1990 Kan. Ct. R. Annot. 205) and MRPC 8.4(c) (1990 Kan. Ct. R. Annot. 290) and 1.15(d)(2)(i), (iii), and (iv) (1990 Kan. Ct. R. Annot. 248) by failing to deposit all of Looney's payments in his trust account, by using the trust account for his personal expenses, and by failing to report Looney's payments to his client.

It also found respondent violated DR 7-101(A)(2) (1990 Kan. Ct. R. Annot. 193) by failing to properly carry out an employment contract entered into with a client by not keeping the client apprised of the status of the case.

The panel recommended that the respondent be disciplined by public censure and that he make restitution to Looney in whatever amount necessary to make him whole, including additional interest paid due to the delayed payment by respondent. The panel also recommended that respondent receive no fee.

After a careful review of the record and the oral argument, we adopt the foregoing panel findings and conclusions. However, we hold the punishment should be suspension from the practice of

law for a period of one year, the imposition of which should be suspended by a grant of two years' probation conditioned upon respondent making restitution and maintaining an accurate trust account for all of his client funds, and that he make a semiannual report on June 1 and December 1 to the disciplinary administrator showing the status of his trust account during the period of probation.

IT IS THEREFORE ORDERED that Edward Stephens be and he is hereby suspended from the practice of law for a period of one year from this date for his previously enumerated violations of the rules of professional conduct.

IT IS FURTHER ORDERED that imposition of the foregoing punishment is hereby suspended and the respondent be granted probation therefrom for a period of two years conditioned upon his making restitution to Looney, which includes his retained attorney fees, as above set out; that respondent keep and maintain proper and accurate trust accounts of all client funds; and that respondent render a semiannual report to the disciplinary administrator on June 1 and December 1 during the period of probation showing the status of his trust account.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this order be published in the official Kansas Reports.